Filing # 159878582 E-Filed 10/25/2022 06:32:05 AM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

KIMBERLEY HAYDEN,

    Plaintiff,

v.                                                                                          CASE NO.:

CLEARCHOICE MANAGEMENT
SERVICES, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KIMBERLEY HAYDEN, by and through undersigned counsel, brings this action against Defendant, CLEARCHOICE MANAGEMENT SERVICES, LLC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 *et seq.* and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. Venue is proper in Duval County, because all of the events giving rise to these claims occurred in this County.

**PARTIES**

3. Plaintiff is a resident of Duval County, Florida.

4. Defendant operates a national network of dental implant centers based in Greenwood Village, Colorado. Plaintiff worked remotely from her home in Duval County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA and the FCRA.

9. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA and the FCRA.

## FACTS

10. Plaintiff began working for Defendant in July 2021 as a Patient Education Coordinator and worked in this capacity until August 5, 2021.

11. Plaintiff was satisfactorily performing her job duties.

12. At all times material hereto, Plaintiff was fifty-one years of age.

13. Thus, Plaintiff is a member of a protected class under the ADEA and FCRA based on her age.

14. Throughout Plaintiff's tenure with Defendant, she experienced discrimination based on her age.

15. Defendant singled Plaintiff out from her younger coworkers.

16. By way of example and not limitation, Defendant did not have proper equipment or traveling plans for Plaintiff.

17. Plaintiff's trainer did not assist her and when Plaintiff arrived in Colorado for training, the trainer became passive aggressive towards Plaintiff and made comments to her.

18. Plaintiff also received assistance from another manager who submitted her expense report for the training. The manager that sent in Plaintiff's expense report did so correctly. Yet, when Plaintiff requested follow up from Defendant, Erica Baxter replied, not only to her own boss but also to Plaintiff, and stated, "I am not sure if you have noticed, she is a little all over the place. The expense training that was given to her is pretty detailed.".

19. Plaintiff objected to the age discrimination that she experienced, thereby engaging in activity that is protected by the ADEA and FCRA.

20. In retaliation, on or about August 5, 2021, Defendant terminated Plaintiff's employment.

21. In further acts of retaliation, Defendant has failed to reimburse Plaintiff for her travel to Colorado for training and failed to pay her for the time she spent in training.

## COUNT I – ADEA VIOLATION

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

24. Plaintiff was subjected to disparate treatment based on her age.

25. Defendant's actions were willful and done with malice.

26. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

  c) An injunction restraining continued violation of the ADEA;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

  f) Liquidated damages in an amount equal to Plaintiff's total damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT II – ADEA RETALIATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

28. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

29. Plaintiff engaged in protected activity under the ADEA by objecting to the discrimination she experienced.

30. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating her employment, refusing to reimburse Plaintiff for her travel, and failing to pay Plaintiff for her time in training.

31. Defendant's actions were willful and done with malice.

32. In terminating Plaintiff's employment, refusing to reimburse Plaintiff for her travel, and failing to pay Plaintiff for her time in training, Defendant took material adverse action against Plaintiff.

33. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the ADEA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay, or in the alternative, front pay;

f) Liquidated damages in an amount equal to Plaintiff's total damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (AGE DISCRIMINATION)

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class under the FCRA because of her age.

36. Plaintiff was subjected to disparate treatment on the basis of her age, including not receiving the proper equipment or training, subjected to discriminatory comments and teasing, and being terminated.

37. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the FCRA by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. Plaintiff exercised or attempted to exercise her rights under the FCRA, thereby engaging in protected activity under the FCRA.

43. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA terminating her employment, refusing to reimburse Plaintiff for her travel, and failing to pay Plaintiff for her time in training.

44. Defendant's actions were willful and done with malice.

45. In terminating Plaintiff's employment, refusing to reimburse Plaintiff for her travel, and failing to pay Plaintiff for her time in training, Defendant took material adverse action against Plaintiff.

46. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d) That this Court enter an injunction restraining continued violation of the FCRA by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 25th day of October, 2022.

Respectfully submitted,

*Amanda E. Heystek*

AMANDA E. HEYSTEK
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**DANIEL E. KALTER**
Florida Bar No.: 1025094
Direct Dial: 813-438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**